TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@kentlawpc.com

*Attorneys for Plaintiff,*
*Scott Wathey*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Wathey, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Experian Information Solutions, Inc., an Ohio corporation; Equifax Information Services, LLC, a Georgia corporation; Mountain America Federal Credit Union, a foreign corporation; and N.A.R., Inc., also known as North American Recovery, Inc., a Utah corporation, | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COMES THE PLAINTIFF, SCOTT WATHEY, BY AND THROUGH

COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants,

pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit

   Reporting Act (15 U.S.C. §1681 et. seq [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the

   City of Phoenix, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc. ("Experian"), which is an Ohio

      company that maintains a registered agent in Maricopa County, Arizona;

   b. Equifax Information Services, LLC ("Equifax"), which is a Georgia

      corporation that maintains registered agent in Maricopa County, Arizona;

2

c. Mountain America Federal Credit Union ("Mountain America"), which is a foreign entity which, upon information and belief, maintains offices in Utah; and

d. N.A.R., Inc., also known as North American Recovery, Inc. ("N.A.R."), which is a Utah corporation that maintains its registered agent in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

6. Mountain America is reporting a trade line with account number 4274897XXXX ("Errant Trade Line Number 1") on Plaintiff's Experian and Equifax (collectively "Credit Reporting Agencies" or "CRAs") credit files with a balance $8,909.00.  Concurrently, N.A.R. is also reporting a similar trade line with account number 39656400584569 ("Errant Trade Line Number 2") related to the same debt, in the amount of $8,910.00 on Plaintiff's consumer credit files with the CRAs.  This double reporting of the same negative information is improperly and negatively affecting the Plaintiff's credit score.  This practice violates the Fair Credit Reporting Act.

7. Sometime in September of 2014, Mr. Wathey submitted letters to Experian and Equifax, disputing the double reporting of these trade lines.

8. Upon information and belief, Defendants Experian and Equifax transmitted Mr. Wathey's consumer disputes to Mountain America and N.A.R.

9.  On or about November 21, 2014, Plaintiff obtained his credit files, which revealed the continued double reporting of both Errant Trade Lines.

10. On or about January 20, 2015, Plaintiff submitted another dispute letter to both Equifax and Experian, disputing the duplicate trade lines.

11. Upon information and belief, Defendants Experian and Equifax transmitted Mr. Wathey's second consumer disputes to Mountain America and N.A.R.

12. On or about February 2, 2015, Mr. Wathey received two letters from Experian. The first one stated "We are responding to your request to verify items on your personal credit report.  We have previously processed this dispute and the credit grantor has verified its accuracy….Pursuant to Section 611(a)(3)(A) of the FCRA, we will not reinvestigate the same dispute again at this time…"  The second letter retained the duplicate trade lines.

13. On or about February 3, 2015, Mr.  Wathey received yet a third letter from Experian stating, "We received a suspicious request regarding your personal credit information that we have determined was not sent by you.  This could be deemed as deceptive or fraudulent use of your information.  We have not taken any action on this request.  Any further requests made in this matter will not be processed and will not receive a response."

14. On or about March 20, 2015, Mr. Wathey obtained his credit files from Experian and Equifax which both retained the duplicate Errant Trade Lines.

4

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MOUNTAIN AMERICA

15. Plaintiff realleges the above paragraphs as if recited verbatim.

16. After being informed by Experian and Equifax of Mr. Wathey's consumer disputes to Errant Trade Line Number 1, Mountain America negligently failed to conduct a proper reinvestigation of Mr. Wathey's disputes as required by 15 USC 1681s-2(b).

17. Mountain America negligently failed to review all relevant information available to it and provided by Experian and Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Experian and Equifax to remove Errant Trade Line Number 1.

18. Errant Trade Line Number 1 is inaccurate and creates a misleading impression on Mr. Wathey's consumer credit file with Experian and Equifax to which it is reporting such trade line.

19. As a direct and proximate cause of Mountain America's negligent failure to perform its duties under the FCRA, Mr. Wathey has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

20. Mountain America is liable to Mr. Wathey by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

5

21. Mr. Wathey has a private right of action to assert claims against Mountain America arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Mountain America for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MOUNTAIN AMERICA

22. Plaintiff realleges the above paragraphs as if recited verbatim.

23. After being informed by Experian and Equifax that Mr. Wathey disputed the accuracy of the information it was providing, Mountain America willfully failed to conduct a proper reinvestigation of Mr. Wathey's dispute.

24. Mountain America willfully failed to review all relevant information available to it and provided by Experian and Equifax as required by 15 USC 1681s-2(b).

25. As a direct and proximate cause of Mountain America's willful failure to perform its respective duties under the FCRA, Mr. Wathey has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

26. Mountain America is liable to Mr. Wathey for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for

reasonable attorneys' fees that he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Mountain America for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

<u>**COUNT III**</u>

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY N.A.R.**

27. Plaintiff realleges the above paragraphs as if recited verbatim.

28. After being informed by Experian and Equifax of Mr. Wathey's consumer disputes to Errant Trade Line Number 2, N.A.R. negligently failed to conduct a proper reinvestigation of Mr. Wathey's disputes as required by 15 USC 1681s-2(b).

29. N.A.R. negligently failed to review all relevant information available to it and provided by Experian and Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Experian and Equifax to remove Errant Trade Line Number 2.

30. Errant Trade Line Number 2 is inaccurate and creates a misleading impression on Mr. Wathey's consumer credit file with Experian and Equifax to which it is reporting such trade line.

31. As a direct and proximate cause of N.A.R.'s negligent failure to perform its duties under the FCRA, Mr. Wathey has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

32. N.A.R. is liable to Mr. Wathey by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

33. Mr. Wathey has a private right of action to assert claims against N.A.R. arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against N.A.R. for damages, costs, interest, and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY N.A.R.**

34. Plaintiff realleges the above paragraphs as if recited verbatim.

35. After being informed by Experian and Equifax that Mr. Wathey disputed the accuracy of the information it was providing, N.A.R. willfully failed to conduct a proper reinvestigation of Mr. Wathey's dispute.

8

36. N.A.R. willfully failed to review all relevant information available to it and provided by Experian and Equifax as required by 15 USC 1681s-2(b).

37. As a direct and proximate cause of N.A.R.'s willful failure to perform its respective duties under the FCRA, Mr. Wathey has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

38. N.A.R. is liable to Mr. Wathey for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against N.A.R. for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

9

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

39. Plaintiff realleges the above paragraphs as if recited verbatim.

40. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Wathey as that term is defined in 15 USC 1681a.

41. Such reports contained information about Mr. Wathey that was false, misleading, and inaccurate.

42. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it  reported to one or more third parties pertaining to Mr. Wathey, in violation of 15 USC 1681e(b).

43. After receiving Mr. Wathey's consumer disputes to the Errant Trade Lines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

44. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Wathey has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

45. Equifax is liable to Mr. Wathey by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

46. Plaintiff realleges the above paragraphs as if recited verbatim.

47. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Wathey as that term is defined in 15 USC 1681a.

48. Such reports contained information about Mr. Wathey that was false, misleading, and inaccurate.

49. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Wathey, in violation of 15 USC 1681e(b).

50. After receiving Mr. Wathey's consumer disputes to the Errant Trade Lines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

51. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Wathey has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

52. Equifax is liable to Mr. Wathey by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

### COUNT VII

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

53. Plaintiff realleges the above paragraphs as if recited verbatim.

54. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Wathey as that term is defined in 15 USC 1681a.

55. Such reports contained information about Mr. Wathey that was false, misleading, and inaccurate.

56. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Wathey, in violation of 15 USC 1681e(b).

57. After receiving Mr. Wathey's consumer disputes to the Errant Trade Lines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

58. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Wathey has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

59. Experian is liable to Mr. Wathey by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.


   **WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## <u>COUNT VIII</u>

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN**

60. Plaintiff realleges the above paragraphs as if recited verbatim.

61. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Wathey as that term is defined in 15 USC 1681a.

62. Such reports contained information about Mr. Wathey that was false, misleading, and inaccurate.

63. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Wathey, in violation of 15 USC 1681e(b).

64. After receiving Mr. Wathey's consumer disputes to the Errant Trade Lines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

65. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Wathey has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

66. Experian is liable to Mr. Wathey by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

1

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment

2

3

against Experian for the greater of statutory or actual damages, plus punitive damages,

4

along with costs, interest, and attorneys' fees.

5

## JURY DEMAND

6

Plaintiff hereby demands a trial by Jury.

7

8

9

DATED: April 6, 2015                    KENT LAW OFFICES

10

11

12

By:   _/s/   Trinette G. Kent_____

13

Trinette G. Kent
Attorneys for Plaintiff,

14

Scott Wathey

15

16

17

18

19

20

21

22

23

24

25

26

27

28